UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      v.                                   Case No. 2022-cr-20563-JJCG–APP
                                                   Honorable Jonathan J.C. Grey

D-3 JUAN BAYOLO, M.D.

_____/

### DR. JUAN BAYOLO'S POST FIRST SUPERSEDING INDICTMENT MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANTS

JUAN BAYOLO, M.D., by and through his undersigned attorneys, and pursuant to *Fed. R. Crim. P.* 12(b) and the Fifth and Sixth Amendments requests that this Court enter an order compelling the government to disclose the identity of its confidential informants and sources referred to in the government's affidavits and other discovery provided to the defense. A similar request was made as part of other requests for additional discovery "Dr. Juan Bayolo's Supplemental Post First Superseding Indictment Motion Requesting Specific Kyles, Brady and Giglio Exculpatory and Impeachment Material with Supporting Memorandum of Law" (Doc. 145 at pp. 11-17), incorporated herein by reference. This separate motion focusing only on disclosure of the identity and information about the government's confidential informants and cooperating witnesses is being filed because of the importance to Dr. Bayolo's right to a fair trial of obtaining this information in a timely manner before trial.

**A HEARING ON THIS MOTION IS REQUESTED.** At present a hearing on currently pending motions is scheduled for July 30, 2024 at 10:00 a.m. *See* Re-Notice of In Person Hearing (Doc. 150). The Court had previously set a deadline of June 28, 2024 for the filing of any additional motions. *See,* Stipulation to Continue, *Etc*. and Order Continuing, *Etc*. (Doc. 125). It is respectfully requested that this motion be heard during the July 30, 2024, or at a hearing held before trial currently scheduled for October 1, 2024.

## MEMORANDUM OF LAW

### *Operative Facts*

On October 27, 2022, Dr. Bayolo and the co-defendants were all charged by way of a grand jury indictment with one count of conspiring to possess with intent to distribute and distribution of Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Indictment (Doc. 1). On December 14, 2023, the First Superseding Indictment was returned by a grand jury. (Doc. 120). Essentially, the defendants are charged with allegedly conspiring to illegally sell prescription drugs for cash payments at various medical clinics located in the Metropolitan Detroit area, by knowingly and intentionally disbursing prescriptions for controlled narcotics purportedly outside the course of legitimate medical practice and allegedly for no legitimate medical purpose, and also for allegedly selling controlled narcotic pills without prescriptions. *See*, First Superseding Indictment (Doc. 120 at pp. 1-4, paragraphs 1-4, 7, 9).

Based on the massive digital discovery provided by the government, it is clear that the government's informants played a major role during the government's investigation, and their activities will presumably be critical to the government's case during trial. *See, e.g.,* Exhibit 1 - Government's Affidavit in support of Search Warrant of Dr. Bayolo's Cell Phone Dated November 14, 2022, Middle District of Florida, Case No. 6:22-mj-2179, at p. 5, paragraph. 14[CHS[1]]; pp. 6-12, paragraphs 15-33 [CHS-1, CHS-2, CHS-3; p.12, paragraph 32 [CHS-1]; pp. 16-17, paragraphs 42-43 [CHS-1, CHS-2, CHS-3]; pp. 17-20, paragraphs 44-50, 51-53 [CW-1[2]] (Summarizing activities and the continual and critical role of the government's confidential informants (CHS's and CW's) during the government's investigation). There are also voluminous law enforcement reports discussing these same and other activities of the government's confidential informants (CHS's and CW's). It is respectfully submitted that the identity and information about the government's many confidential informant delators is essential in order for defense counsel to prepare the defense; confront the government's witnesses; challenge the prosecution theory and case, and for a fair determination of this matter by the trier of fact.

---

[1] CHS refers to the government's Confidential Human Source or for the purposes of this motion, the government's Confidential Informants.

[2] CW refers to Confidential or cooperating witness, which again, for the purposes of this motion, the government's confidential Informants.

3

## LAW

The factors that a trial court should consider in deciding whether or not to compel the government to disclose the identity of a confidential informant are set forth in *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d.(1957). In *Roviaro*, the Court noted that the government's privilege to withhold the identity of informants is grounded in "the furtherance and protection of the public interest in effective law enforcement." 353 U.S. at 59, 77 S.Ct., at 627. That interest, however, is subject to limitations. Among them is the right of a party litigating with the government to prepare a defense or claim. As the Court noted in *Roviaro*:

> Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, ***or is essential to a fair determination of a cause***, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

*Roviaro,* 353 U.S., at 60-61, 77 S.Ct., at 627-28 (citations and footnotes omitted) (emphasis added); *accord, United States v. Ray,* 803 F.3d 244, 273-74 (6th Cir. 2015). In deciding if the government should be required to reveal the identity of an informant, the Supreme Court held in *Roviaro* that the trial court should balance a number of factors such as "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro,* 353 U.S. at 62, 77 S.Ct., at 628-29. On appeal, a denial of a motion to disclose the identity of a confidential informant is reviewed under an abuse of discretion standard. *United States v. Ray,* 803 F.3d at 273.

Here, the government's informants played a major and continuous role during the government's investigation, and presumably will also will be a critical part of the government's case at trial. As such, disclosure of the identity of the government's informant/cooperating witness, and full seasonable discovery about these government delators are "essential to the fair determination of this cause," *Roviaro, Ray,* and must be ordered by this court. Under the Fifth Amendment right to due process, Dr. Bayolo has the right to prepare his defense to the government's charges. "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the [prosecution's] accusations." *Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973); *see also*, *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed. 2d 636 (1986) (Defendant's right to due process in a criminal trial encompasses the right to a meaningful opportunity "to present a complete defense."). Such a right is unobtainable, when the basis of the charges rests on the activities of undisclosed informants and confidential sources.

Moreover, allowing the government to hide the identity of the confidential informants and confidential sources used in this case also precludes the exercise of Dr. Bayolo's Sixth Amendments right to confrontation, because he is prevented from fully examining and confronting the government's witnesses against him. A defendant's right to confrontation is a critical element of the right to due process and a fair trial. *See, Crawford v. Washington*, 541 U.S. 36, 42-43, 124 S.Ct. 1354, 1359, 158 L.Ed.2d 177 (2004) (Supreme Court

reviewing historical roots of Sixth Amendment right to confrontation and noting that the right to confront one's accusers is a concept that dates back to Roman times."); *Coy v. Iowa*, 487 U.S. 1012, 1020-21, 108 S.Ct. 2798, 2801-03, 101 L.Ed.2d 857 (1988) (Confrontation clause provides criminal defendant right to "confront" face-to-face witnesses giving evidence against him or her at trial; such confrontation helps to insure integrity of fact-finding process by making it more difficult for witnesses to fabricate testimony. Supreme Court reversing conviction in child sexual assault case where screen placed between victim and defendant). The Confrontation Clause serves to facilitate the truth-seeking function of a criminal trial by ensuring the veracity and reliability of the evidence against a criminal defendant by subjecting the government's witnesses, and it is respectfully submitted, the defendant's accuser or accusers, to the crucible of an adversarial proceeding. *Kentucky v. Stincer*, 482 U.S. 730, 737, 107 S.Ct. 2658, 2663, 96 L.Ed. 631 (1987). *See also, Delaware v. Fensterer,* 474 U.S. 15, 22, 106 S.Ct. 292, 295, 88 L.Ed.2d 15 (1985) (The Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose to the fact finder a witnesses forgetfulness; confusion; bias; evasiveness, and motivation for testifying.); *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974) ("A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand[,] [and] [t]he partiality of a witness is . . . 'always relevant as discrediting the witness and affecting

the weight of his testimony.'") (citations omitted). Denial of these fundamental rights of a criminal defendant in a criminal trial is constitutional error of the first magnitude, and no amount of showing of want of prejudice would cure it. *Davis,* 415 U.S., at 318; 94 S.Ct. 1111 (Supreme Court holding that a defendant's right to confrontation trumps state's procedural rules protecting the privacy rights of a juvenile offender); see and compare generally, United States v. Claudio, 44 F.3d 10, 14 (1st Cir. 1995) (Generally secret "grand jury testimony can be made available under Rule 6 based on all kinds of circumstances[][and]'[t]he idea that general safeguards against wide-ranging discovery like the Jencks Act and Rule 6 would be sufficient to justify a conviction on secret evidence is patently absurd.'") (Emphasis added).

Finally, as courts have noted previously, government informants and purported cooperating witnesses and reliance on them by the government to investigate and prosecute alleged criminal activity is often fraught with peril. "By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom." *United States v. Bernal-Obeso*, 989 F.2d 331, 333-34 (9th Cir. 1993) (citations omitted) (emphasis added). As one court addressing the inherent danger surrounding the use of such information and testimony has noted:

> Few things are more repugnant to the constitutional expectations of our criminal justice system than covert perjury, and especially perjury that flows from a concerted effort by rewarded criminals to frame a defendant. *The ultimate mission of the system upon which we rely to protect the liberty of the*

7

> *accused as well as the welfare of society is to ascertain the factual truth, and to do so in a manner that comports with due process of law as defined by our Constitution.*

*Commonwealth of the Northern Mariana Islands v. Bowie*, 236 F.3d 1083, 1087 (9th Cir. 2001), *opinion amended on denial of rehearing,* 243 F.3d 1109 (9th Cir. 2001) (Trott, J[3]) (emphasis added). Here, based on the discovery, independent investigation, and good faith information and belief, it appears beyond cavil that most, if not all of the government's confidential informants, are individuals with their own criminal pedigrees, working off past misdeeds, and willing to do and say whatever is necessary to improve their own lot. Once again, if Dr. Bayolo is to have a fair trial, full and fair discovery regarding the government's seemingly endless parade of delators in this case, well in advance of trial, is essential. This Court should enter an order requiring the government to provide the information and material requested in this motion and by reference in "Dr. Juan Bayolo's Supplemental Post First Superseding Indictment Motion Requesting Specific Kyles, Brady and Giglio Exculpatory and Impeachment Material with Supporting Memorandum of Law" (Doc. 145 at pp. 11-17).

### Certification of Counsel

Defense Counsel hereby certify pursuant to the Pretrial Discovery Order and the Local Rules, that counsel for the parties have been unable to adequately resolve the issues raised in this motion by agreement.

---

[3] It bears noting that the *Bowie* opinion was written by Circuit Judge Stephen S. Trott, the former Associate Attorney General, U.S. Department of Justice, during the Ronald Regan administration.

## CONCLUSION

THEREFORE, it is respectfully requested that this Court hold a hearing on this motion, and that this Court enters an order requiring the government to disclose the requested information regarding the grand jury proceedings in this case.

RESPECTFULLY SUBMITTED, this June 27, 2024.

| H. MANUEL HERNÁNDEZ, P.A. | JOHN W. BRUSSTAR |
|---|---|
| */s/ H. Manuel Hernández*<br>H. Manuel Hernández<br>Florida Bar No. 0775843<br>620 East Club Circle<br>Longwood, FL   32779<br>Telephone:  407-682-5553<br>E-mail:  manny@hmh4law.com<br>For Defendant Juan Bayolo, M.D. | */s/ John W. Brusstar*<br> (P36920)<br>Co-counsel for Defendant<br>18530 Mack Avenue, Ste 535<br>Grosse Pointe, MI   48236<br>(313) 268-6888<br>johnbrusstar@yahoo.com<br>For Defendant Juan Bayolo, M.D. |

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this June 27, 2024, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to all parties on record which will send it to their respective clients. I further certify that I sent the foregoing and the notice of electronic filing by e-mail, or mail to the following non-CM/ECF participants: Dr. Juan Bayolo.

*/s/ H. Manuel Hernández*
H. MANUEL HERNÁNDEZ

# TABLE OF AUTHORITIES

**CASES**

*Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) . . . . . . . . 5

*Commonwealth of the Northern Mariana Islands v. Bowie*,
  236 F.3d 1083 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) . . . . . . . . . . . . . . 6

*Crane v. Kentucky,* 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed. 2d 636 (1986) . . . . . . . . . . . 5

*Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) . . . . . . 5

*Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) . . . . . . . . . . . . . 6, 7

*Delaware v. Fensterer,* 474 U.S. 15, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) . . . . . . . . . . . 6

*Kentucky v. Stincer*, 482 U.S. 730, 107 S.Ct. 2658, 96 L.Ed. 631 (1987) . . . . . . . . . . . . 6

*Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d.(1957). . . . . . . . . . . . . . 4

*United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . 7

*United States v. Claudio*, 44 F.3d 10 (1st Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Ray,* 803 F.3d 244 (6th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**STATUTES**

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 846. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**RULES**

*Fed. R. Crim. P.* 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**OTHER AUTHORITIES**

U.S. Const., Amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

U.S. Const., Amend. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

EXHIBIT

Exhibit 1    Government's Affidavit in support of Search Warrant of Dr. Bayolo's Cell Phone Dated November 14, 2022, Middle District of Florida, Case No. 6:22-mj-2179. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3