UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    v.

D-3 JUAN BAYOLO, M.D..

_____/

Case No. 2022-cr-20563-JJCG–APP
Honorable Jonathan J.C. Grey

## DR. JUAN BAYOLO'S POST FIRST SUPERSEDING INDICTMENT MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER ACTS UNDER *FED. R. EVID.* 404(b)

DR. JUAN BAYOLO, by and through his undersigned counsel, and pursuant to *Fed. R. Evid.* 404(b), respectfully requests that this Court enter an order precluding the government from introducing evidence of similar acts, wrongs, and crimes, during the government's case-in-chief, and as grounds for this motion, states as follows:

1. The government has not given notice to the defense that it intends to introduce any other bad act evidence pursuant to Fed. R. Evid. 404(b).

2. However, based on materials contained in the government's massive digital discovery, it appears that the government, without the proper notice required by the Federal Rules of Evidence, may attempt to introduce evidence of arguably other purported bad acts involving prescribing controlled substances by Dr. Bayolo in Michigan or elsewhere, prescribing controlled substances by others purportedly under the supervision of Dr. Bayolo, prescribing controlled substances by others purportedly with authorization by Dr. Bayolo allowing them to use his prescriber's information, and other purported claims of health care fraud. *See e.g.,* First Superseding Indictment(Doc. 120 at p. 5, paragraph 12) ("Most of the

unlawful controlled substance prescriptions were paid for in cash. However, in addition, both controlled and non-controlled "maintenance" medications were billed by pharmacies to health care benefit programs, to include Medicare and Medicaid programs.").

3. The only purpose for attempting to introduce these purported other bad acts is to attempt to improperly show that Dr. Bayolo is a bad person with a propensity for committing crime and fraud. Aside from being patently false, this is exactly the type of evidence Rule 404(b) was intended to proscribe. Also, it is respectfully submitted that the unfair prejudicial impact of any such alleged other bad act evidence would far outweigh its probative value, confuse the issues, mislead the jury, cause undue delay, waste time, and, or needlessly present cumulative evidence and must also be excluded pursuant to *Fed. R. Evid.* 403. Based on the facts of this case and the law, it is respectfully submitted that none of this other potential purported bad act evidence is admissible at trial.

**A HEARING ON THIS MOTION IS REQUESTED.** At present a hearing on currently pending motions is scheduled for July 30, 2024 at 10:00 a.m. *See* Re-Notice of In Person Hearing (Doc. 150). The Court had previously set a deadline of June 28, 2024 for the filing of any additional motions. *See,* Stipulation to Continue, *Etc*. and Order Continuing, *Etc*. (Doc. 125). It is respectfully requested that this motion be heard during the July 30, 2024, or at a hearing held before trial currently scheduled for October 1, 2024.

## MEMORANDUM OF LAW

### *Operative Facts of Case*

On October 27, 2022, Dr. Bayolo and the co-defendants were all charged by way of a grand jury indictment with one count of conspiring to possess with intent to distribute and distribution of Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* Indictment (Doc. 1). On December 14, 2023, the First Superseding Indictment was returned by a grand jury. (Doc. 120). Essentially, the defendants are charged with allegedly conspiring to illegally sell prescription drugs for cash payments at medical clinics located in the Metropolitan Detroit area, by knowingly and intentionally disbursing prescriptions for controlled narcotics purportedly outside the course of legitimate medical practice and allegedly for no legitimate medical purpose, and also for allegedly selling controlled narcotic pills without prescriptions. *See,* First Superseding Indictment (Doc. 120 at pp. 1-4, paragraphs 1-4, 7, 9). Dr. Bayolo, who at all times material to the charges alleged in the indictment lived and worked in Central Florida, only saw patients for approximately six months via video and, or by telephone during telemedicine video and telephone appointments, was initially only paid $125 an hour and then $50 a patient for his telemedicine services at these clinics, and ultimately terminated his relationship with the clinics when he did become suspicious that false prescriptions were being written and, reported his concerns to the Drug Enforcement Administration. He denies that he willfully, knowingly, and intentionally participated in any conspiracy or scheme to improperly prescribe drugs to any patient or anyone as alleged in the indictment, or otherwise,

3

emphatically denies willfully, knowingly, and intentionally prescribing any controlled substances in an unauthorized manner, and has entered a plea of not guilty.

### *Fed. R. Evid 404(b)*

*Fed. R. Evid.* 404(b) provides as follows:

**(b) Crimes, Wrongs, or Other Acts.**

**(1) Prohibited Uses.** *Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.*

**(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *On request by a defendant in a criminal case, the prosecutor must:*

*(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and*

*(B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.*

(Emphasis added).

"The Federal Rules of Evidence instruct the government to provide the defense 'reasonable' notice of any other-acts evidence it intends to offer at trial." *United States v. Lester,* 98 F.4th 768, 777 (6th Cir. 2024), *citing, Fed. R. Evid.* 404(b)(3)(A). If seasonable notice is given, in the Sixth Circuit, a three-step analysis is required in order to determine the admissibility of evidence under Rule 404(b). First, the trial court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" actually happened. Then, second, the trial court must determine whether those "other acts" are

4

admissible for a proper purpose under Rule 404(b). Finally, third, the trial court must determine whether the "other acts" evidence is more prejudicial than probative. *United States v. Jaffal,* 79 F.4th 582, 594 (6th Cir. 2023), *citing, United States v. Bell,* 516 F.3d 432, 440 (6th Cir. 2008), *quoting, United States v. Lattner,* 385 F.3d 947, 955 (6th Cir. 2004); *see also, Fed. R. Evid.* 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . **unfair prejudice, confusion of the issues, misleading the jury**, undue delay, **wasting time**, or needlessly presenting cumulative evidence. ") (emphasis added). On appeal, each prong of the trial court's triparte decision on admitting Rule 404(b) evidence is reviewed under a different standard: (1) factual determinations about whether the other acts actually took place are reviewed for clear error, (2) the legal determination of the admissibility of the purported other acts for a proper purpose is reviewed *de novo*, and (3) the determination of whether the other-acts evidence is more prejudicial than probative is reviewed under the abuse-of-discretion standard. *Id., citing, United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012).

In determining if the probative value outweighs the prejudicial impact under Rule 403, the trial court should be mindful of the fact that collateral bad act evidence has a significant potential for prejudicial effect.

> Such improper grounds certainly include . . . generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (***or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily***). . . "[a]lthough . . . 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged-or that, uncertain of guilt, it will convict anyway

5

because a bad person deserves punishment-*creates a prejudicial effect that outweighs ordinary relevance*."

*Old Chief v. United States,* 519 U.S. 172, 180-81, 117 S.Ct. 644, 650-51, 136 L.Ed.2d 574 (1997), *quoting, United States v. Moccia,* 681 F.2d 61, 63 (1st Cir. 1982)(Breyer, J.); *see also e.g., People v. Zackowitz,* 254 N.Y. 192, 172 N.E. 466, 468 (1930) (Cardozo, C.J.) ("If a murderous propensity may be proved against a defendant as one of the tokens of his guilt, a rule of criminal evidence, long believed to be of fundamental importance for the protection of the innocent, must be first declared away.").

The calculus involved in deciding whether collateral bad acts should be admitted was perhaps best summarized as follows over a half Century ago as follows:

> . . . , the jury is required to determine a defendant's guilt or innocence of the crime charged solely on the basis of evidence relevant to that particular crime. *A conviction should not be permitted because the jury believes the defendant to be a person of bad character or because of a notion that since he committed some other crime, he must also have committed the crime for which he is being tried.* The wisdom and soundness of the rule are beyond dispute.
>
> As is often the case, however, the general rule is not absolute. Several well-circumscribed exceptions exist as a result of judicial and legislative pragmatism.
>
> [Under Rule 404(b)]
>
>> (e)vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

6

> Rule 404(b) is not exclusory. Rather, it permits the introduction of prior-crimes evidence unless the sole purpose for the offer is to establish the defendant's propensity for crime. ***The admissibility inquiry, however, involves not simply a pigeonholing of proffered evidence within one or several of the specified categories. The problem of minimizing the dangers of prejudice without extensive sacrifice of relevant evidence cannot be resolved satisfactorily by resort to so mechanical a process. The task is one of balancing, and if the probative value of the evidence does not outweigh the prejudice to the defendant that may result from its admission, such evidence must be excluded.***

*United States v. Fosher,* 568 F.2d 207, 212-12 (1st Cir. 1978) (citations omitted) (emphasis added).

It is respectfully submitted that the other bad act evidence the government may attempt to introduce at trial here must be excluded as first, irrelevant, because there is no evidence of any crime or collateral bad act the government will be able to provide sufficient proof for the jury to reasonably find that the collateral bad act or acts occurred and that Dr. Bayolo committed them with the requisite intent. *United States v. Jaffal,* 79 F.4th at 594; second, introduction of the unnoticed purported bad acts will mislead the jury and confuse the issues at trial, will waste time, and, again, the unfair prejudice will far outweigh any real probative value in this case. *Id.;* Rule 403 and Rule 404(b); third and finally, it is clear that the only reason that the government may try to introduce this misleading and highly prejudicial evidence in this case is to establish Dr. Bayolo's alleged pedigree as a rouge doctor peddling opioid prescriptions for cash, willing to engage in fraud, and just a bad person, in hopes of establishing some species of a claim of criminal *res judicata. Old Chief;*

*Zackowitz.* This is exactly the type of argument and evidence that the law does not allow and that is prohibited by Rule 404(b) and Rule 403. *Jaffal*; *Fosher.*

### *Alleged Bad Acts Related to Dr. Bayolo*

Because of the volume of digital discovery in this case, it is all but impossible to identify with any specificity what specific other purported wrongful acts the government may attempt to introduce during the trial. The same is true of the number of prescriptions contained in the government's massive digital discovery dump. However, based on the discovery, it is anticipated that the government may attempt to present massive digital records from various medical electronic platforms commonly used by physicians treating patients and prescribing medications, including controlled substances, such as Practice Fusion (cloud based Electronic Health Records [EHR]), MD Toolbox (electronic prescription platform), and MAPS (Michigan Automated Prescription System used to track prescriptions for controlled substances), among others. Most of this mass of digital data will have little or nothing to do with the prescriptions and acts related to Dr. Bayolo alleged in the First Superseding Indictment (Doc. 120). As such this type of purported collateral other acts evidence is irrelevant and inadmissable because no reasonable jury could reasonably conclude that Dr. Bayolo did what the government is alleging under these facts and these other purported acts have little or no relevance to the specific alleged crimes set out in the First Superseding Indictment. *Old Chief; Jaffal*; *Fosher.* Admitting this evidence will only mislead and confuse the jury, waste time at trial, and the unfair prejudice of this type of

innuendo evidence far outweighs any probative value it may have. *Id.* Ergo, any such other bad act evidence should be barred at trial.

## Certification of Counsel

Defense Counsel hereby certify pursuant to the Pretrial Discovery Order and the Local Rules, that counsel for the parties have been unable to adequately resolve the issues raised in this motion by agreement.

## CONCLUSION

THEREFORE, it is respectfully requested that this Court hold a hearing on this motion, and that this Court enter an order excluding any purported other acts under *Fed. R. Evid.* 404(b).

RESPECTFULLY SUBMITTED, this June 27, 2024.

| H. MANUEL HERNÁNDEZ, P.A. | JOHN W. BRUSSTAR |
|---|---|
| */s/ H. Manuel Hernández*<br>H. MANUEL HERNÁNDEZ<br>Florida Bar No. 0775843<br>620 East Club Circle<br>Longwood, FL  32779<br>Telephone:  407-682-5553<br>E-mail:  manny@hmh4law.com<br>For Defendant Juan Bayolo, M.D. | */s/ John W. Brusstar*<br> (P36920)<br>Co-counsel for Defendant<br>18530 Mack Avenue, Ste 535<br>Grosse Pointe, MI   48236<br>(313) 268-6888<br>johnbrusstar@yahoo.com<br>For Defendant Juan Bayolo, M.D. |

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this June 27, 2024, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to all parties on record which will send it to their respective clients. I further certify that I sent the foregoing and the notice of electronic filing by e-mail, or mail to the following non-CM/ECF participants: Dr. Juan Bayolo.

/s/ *H. Manuel Hernández*
H. MANUEL HERNÁNDEZ

## TABLE OF CITATIONS

**CASES**

*Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644,
  136 L.Ed.2d 574 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

*People v. Zackowitz,* 254 N.Y. 192, 172 N.E. 466 (1930) . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Bell,* 516 F.3d 432 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Clay*, 667 F.3d 689 (6th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Fosher,* 568 F.2d 207 (1st Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . 7, 8

*United States v. Jaffal,* 79 F.4th 582 (6th Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

*United States v. Lattner,* 385 F.3d 947 (6th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Lester,* 98 F.4th 768 (6th Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Moccia,* 681 F.2d 61 (1st Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES**

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

21 U.S.C. § 846. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**RULES**

*Fed. R. Evid.* 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

*Fed. R. Evid.* 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5-8

*Fed. R. Evid.* 404(b)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4