UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                  Criminal No. 22-CR-20563

                                  Hon. Jonathan J.C. Grey

D-3, JUAN BAYOLO, M.D.,
D-4, RENE GONZALEZ GARCIA, M.D.,

      Defendants.
_____/

## **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE ELECTRONIC MEDICAL RECORDS [ECF Nos. 166]**

The United States files this opposition to defendants Dr. Juan Bayolo and Dr. Rene Gonzalez Garcia's motion to exclude patient records and other electronic medical records (ECF Nos. 166). The electronic medical records are admissible as business records of Practice Fusion, MDToolbox, and the clinics at issue. Portions of the electronic medical records are admissible as co-conspirator statements. And the electronic medical records are also admissible as non-hearsay statements. The Confrontation Clause is not implicated. The Court should deny the defendants' motion.

## **BACKGROUND**

The first superseding indictment alleges that, from February 2021 through

November 2022, Drs. Bayolo and Gonzalez Garcia conspired with others to distribute prescription drug controlled substances. As part of the conspiracy, clinics were organized and operated at different times and in different locations within the metro Detroit area. These included Priority One Health Management, Lincoln Park Health Management, Better Health Medical Services, and others. Drs. Bayolo and Gonzalez Garcia knowingly prescribed controlled substances outside the usual course of their professional practice and for no legitimate medical purpose, in furtherance of the scheme. Drs. Bayolo and Gonzalez Garcia primarily electronically prescribed oxycodone, oxymorphone, oxycodone-acetaminophen, and hydrocodone-acetaminophen—drugs that are in high demand on the illegal street market and among the most abused and diverted. They did so primarily from outside the State of Michigan after cursory remote "visits" with the purported patients or without any visit taking place. The members of the conspiracy utilized Practice Fusion, a cloud-based electronic health record product, at the clinics to store patient records and to electronically prescribe controlled substances. Members of the conspiracy also utilized the MDToolbox e-prescribing software to electronically prescribe medications, including controlled substances. Drs. Bayolo and Gonzalez Garcia were paid by their co-conspirators per controlled substance prescription authorized. As part of the above-described scheme, Drs. Bayolo and Gonzalez Garcia are also charged with substantive counts of distribution of controlled

2

substances based on their prescribing of controlled substances.

# ARGUMENT

## I. *The electronic medical records are admissible as business records of Practice Fusion, MDToolbox, and the clinics.*

Rule 803(6) permits the admission of "[a] record of an act, event, condition, opinion, or diagnosis if:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling . . . ;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

A business record will not be excluded as hearsay if the proponent of the evidence can demonstrate that: (1) the record was made in the course of a regularly conducted business activity; (2) the record was kept in the regular course of business; (3) the regular practice of the business was to have made the record; and (4) the record was made by a person with knowledge. *United States v. Fawaz*, 881 F.2d 259, 266 (6th Cir. 1989). The only foundation requirement for introduction of a business

3

record is that the witness be familiar with the record keeping system. *United States v. Laster*, 258 F.3d 525, 529 (6th Cir. 2001). "[A] witness need not have been personally involved in making the records to be qualified to lay the foundation to introduce them into evidence." *United States v. Lawrence*, 1989 WL 153161, at *8 (6th Cir. 1989) (unpublished) (quoting *United States v. Hathaway*, 798 F.2d 902, 906 (6th Cir. 1986)).

The electronic medical records in this case were obtained through subpoena and search warrant returns from Practice Fusion and MDToolbox. At trial, witnesses familiar with the record keeping systems of Practice Fusion, MDToolbox, and the clinics will provide the requisite foundation.

The defendants do not claim that Practice Fusion or MDToolbox tampered with these records in any way. Nor do they claim that staff at the clinics did not create these patient records. Instead, the defendants take issue with the fact that several staff members had access to and inputted information into the records, as is the case at most medical clinics. This unremarkable detail does not render the records inadmissible. *See, e.g., United States v. Console*, 13 F.3d 641, 656-58 (3rd Cir. 1993) (records of medical practice admissible under the business records exception even though several different employees made entries, some of which were not completely accurate). This is especially true in this case where entries in Practice

Fusion and MDToolbox are electronically documented by individual user in the accounts' activity feeds or audit logs.

The defendants fail to appreciate the difference between the admissibility of the electronic medical records and the weight a jury may assign them. Most of the defendants' arguments focus on considerations that may persuade a jury to give the evidence less weight, and the defendants will have the opportunity to raise those at trial. But these do not render all the medical records in the case inadmissible.

The electronic medical records are admissible as business records of Practice Fusion, MDToolbox, and the clinics at issue. The Court should deny the motion to exclude them.

## II. *To the extent conspiracy members falsified portions of electronic medical records, the records are admissible as (1) business records of the conspiracy, (2) as co-conspirator statements, and/or (3) as non-hearsay.*

(1) <u>Business Records of the Conspiracy</u>

The electronic medical records are also admissible as business records of the conspiracy even if members of the conspiracy added fraudulent documents and entries into the electronic medical records in furtherance of the conspiracy. The Sixth Circuit found no error when the district court admitted a pill mill's log book under the business records exception, noting that it matters not that the business of the "clinic" and conspiracy was the creation and sale of forged prescriptions. *United States v. Cooper*, 868 F.2d 1505, 1513-14 (6th Cir. 1989) (multiple people made

5

entries into log book of forged prescriptions to aid in pharmacy verifications, and entries were not always complete or satisfactory). Again, witnesses familiar with the record keeping system of this conspiracy will provide the requisite foundation at trial.

(2) Co-conspirator Statements

Portions of the electronic medical records are also admissible as co-conspirator statements. For out-of-court statements of a co-conspirator to be admissible under Rule 801(d)(2)(E), the government must establish the following three foundational prerequisites (the "foundation") by a preponderance of the evidence: "(1) that a conspiracy existed, (2) that the defendant against whom the [statement] is offered was a member of the conspiracy, and (3) that the hearsay statement was made in the course and in furtherance of the conspiracy." *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979); Fed. R. Evid. 801(d)(2)(E). The government intends to lay the requisite foundation at trial.

(3) Non-Hearsay Statements

Lastly, the electronic medical records are admissible as non-hearsay statements. Fed. R. Evid. 801(c)(2). These records are admissible not for the truth of the patients' conditions but to show the manner and means of the conspiracy as well as the information that Drs. Bayolo and Gonzalez Garcia accessed when they prescribed controlled substances. The defendants can often be heard reading from or

6

mention accessing the patient charts in the undercover recordings. The Practice Fusion and MDToolbox activity feeds and audit logs also reflect this activity by users Dr. Bayolo and Dr. Gonzalez Garcia. This is relevant to whether the defendants issued and transferred the prescriptions *knowing or intending* that they were unauthorized, which the government must prove beyond a reasonable doubt. Statements in the electronic medical records are admissible non-hearsay because their relevance turns on their making, not on their truth or falsity. *United States v. Rodriguez-Lopez*, 565 F.3d 312, 314 (6th Cir. 2009) ("[a] statement offered as evidence of the bare fact that it was said, rather than for its truth, is not hearsay."); *see also, e.g.*, *United States v. Childs*, 539 F.3d 552, 559 (6th Cir. 2008) (in prosecution for conspiracy to commit murder for hire, the solicitation seeking an accomplice to murder was not hearsay, but rather a verbal act); *United States v. Horton*, 847 F.2d 313, 324 (6th Cir. 1988) (statements were properly admitted to show their effect on the listener); *United States v. Hamilton*, 689 F.2d 1262, 1270 n.4 (6th Cir. 1982) (orders for contraband for the conspiracy "constitute verbal acts and would not be hearsay at all and hence would be unaffected by the conspirator rule.").

   III.   ***The confrontation clause is not implicated by business records, co-conspirator statements, or non-hearsay.***

The defendants claim that the electronic medical records are testimonial because their purpose was the production of evidence for use at trial. They cite an

7

inapposite case in which a lab analyst's affidavit, created for use at trial, was held to be testimonial. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311, 321-22 (2009).

The electronic medical records in this case bear no resemblance to an affidavit calculated for use in court. Business records are non-testimonial and therefore do not implicate the Confrontation Clause. *United States v. Baker*, 458 F.3d 513, 519 (6th Cir. 2006). Likewise, co-conspirator statements are not barred by *Crawford v. Washington*, 541 U.S. 36 (2004), because they are not testimonial in nature. *United States v. Martinez*, 430 F.3d 317, 328-29 (6th Cir. 2005). And the Confrontation Clause is not implicated where statements are offered for purposes other than establishing the truth of the matter asserted. *United States v. Henderson*, 626 F.3d 326, 334 (6th Cir. 2010).

## IV. *The defendants' motion does not require a pretrial evidentiary hearing.*

The standard method for determining whether the government produced an adequate foundation for the admission of business records is for the Court to hear the testimony of foundational witnesses at trial and make a ruling at trial. The defendants' motion fails to set forth any basis to depart from this longstanding practice.

The parties appear to agree on the essential facts. The defendants do not assert anything improper or unreliable about how the EMR companies, Practice Fusion and

MDToolbox, handled their business records. The defendants and the government agree that several different clinic employees had the ability to enter data in the electronic patient records. The government intends to prove that some of the clinic employees entered fake MRIs into the medical records, for the purpose of covering up the unlawful prescribing that was taking place. This Court does not need to take testimony to determine, based on the authorities cited above, that under these facts the medical records are admissible.

The Sixth Circuit gives the trial court discretion in determining the admissibility of co-conspirator hearsay statements under Federal Rule of Evidence 801(d)(2)(E). The Court may admit the statements conditionally, admit them at the end of the trial, or hold a pretrial "mini-hearing." *United States v. Vinson*, 606 F.2d 149, 152-53 (6th Cir 1979); *see also United States v. Enright*, 579 F.2d 980 (6th Cir. 1978). The *Vinson* Court noted the pretrial hearing method has been "criticized as burdensome, time-consuming and uneconomic." *Vinson*, 606 F.2d at 152. These pretrial hearings are an extreme rarity, if they exist at all, in this District.

The defendants can have many strategic reasons for seeking a pretrial evidentiary hearing. The defense may engage in a fishing expedition and try to find new facts to support the motion. The defense may obtain a preview of trial testimony and obtain a sworn transcript for use in cross-examination at trial. But these are not proper reasons to waste the Court's time with an unnecessary evidentiary hearing.

9

## CONCLUSION

The government respectfully requests that the Court deny the defendants' request for an evidentiary hearing and deny the defendants' motion.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

*s/ Lisandra Fernandez-Silber*
Lisandra Fernandez-Silber
Regina R. McCullough
Assistant United States Attorneys
211 Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9122
Lisandra.Fernandez-Silber@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including H. Manuel Hernández and John M. McManus.

*s/ Lisandra Fernandez-Silber*
Lisandra Fernandez-Silber
Assistant United States Attorney
211 Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9122
Lisandra.Fernandez-Silber@usdoj.gov
